IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL W. SHELLEY, *et al.*,   ) | |
| ) | |
| Appellants,   ) | |
| ) | |
| v.   ) | CASE NO. 1:20-cv-0505-RAH |
| ) | [WO] |
| UNITED STATES OF   ) | |
| AMERICA, *et al.*,   ) | |
| ) | |
| Appellees.   ) | |

## MEMORANDUM OPINION AND ORDER

Michael W. Shelley and Hudson T. Shelley appealed from the final determination of the Director of the United States Department of Agriculture's (USDA) National Appeals Division that upheld the Agency's decision to retroactively deny the Shelleys' claims for benefits under the Noninsured Crop Disaster Assistance Program (NAP). On May 20, 2022, this Court entered a Memorandum Opinion and Order denying the Shelleys' motion for summary judgment, granting the Agency's[1] motion for summary judgment, and affirming the Director's decision. (Doc. 35.)

Now pending before the Court is the Shelleys' *Motion to Alter, Amend or Vacate the Judgment* (Doc. 36) filed on June 17, 2022. The motion has been fully

---

[1] The Shelleys named as defendants the United States of America, the Farm Service Agency, and the USDA. For purposes of this Opinion, the Court will refer to them collectively as the Agency.

briefed and is ripe for decision. For the following reasons, the motion is due to be denied.

## I.     BACKGROUND

Certain relevant procedural, factual, and statutory background is set forth in the Court's May 20, 2022 Memorandum Opinion and Order, and the Court will not repeat it here. Procedural history and facts pertinent to resolving the *Motion to Alter, Amend, or Vacate* are set forth below.

On January 31, 2018, Todd Shelley applied for NAP coverage for a variety of crops on behalf of Michael and Hudson. Michael's and Hudson's applications reflect two types of squash as being enrolled in NAP—summer and zucchini. (Doc. 21-1 at 180–81; Doc. 22-1 at 142–43.) Several months later, Michael and Hudson each submitted a Notice of Loss and Application for Payment under NAP for their crookneck squash crops. (Doc. 21-1 at 129–30; Doc. 22-1 at 110–11.) The Jackson County FSA Committee denied the Shelleys' NAP claims because their NAP applications did not reflect that they had purchased coverage for crookneck squash. (Doc. 21-1 at 96; Doc. 22-1 at 93.)

The Shelleys then appealed to the National Appeals Division (NAD). The hearing officer assigned to the Shelleys' appeal found that the Agency did not err when it determined that the Shelleys did not purchase NAP coverage for crookneck squash. The Shelleys argued that their claim should not have been denied because

all squash crop types have the same pay code and that there is no distinction on the NAP application as to the type of squash variety. The hearing officer found these arguments to be incompatible and unpersuasive, and in particular, he explained that although all squash types share the same pay code, individual squash varieties are distinguished on the NAP application by crop type. Because the Shelleys' NAP applications identified only two squash crop types—summer and zucchini—the hearing officer concluded that the Shelleys did not purchase NAP coverage for crookneck squash. (Doc. 21-1 at 56–57; Doc. 22-1 at 50–51.)

The Shelleys then appealed to the NAD Director for equitable relief, arguing that Todd Shelley had relied on the FSA technician to prepare Michael's and Hudson's NAP applications and that "[e]ven a detail-oriented lawyer might miss the tiny detail of 'SUM' instead of 'CRK'" on the Shelleys' NAP applications. (Doc. 21-1 at 64–66; Doc. 22-1 at 58–60.) In denying the Shelleys' requests for equitable relief, the Director reasoned that equitable relief based on detrimental reliance was not warranted because Todd Shelley admitted it was possible that he forgot to tell the FSA technician to include crookneck squash on the Shelleys' NAP applications. (Doc. 21-1 at 83; Doc. 22-1 at 80.) The Director likewise determined the Shelleys had not shown that they made a good faith effort to comply with NAP requirements because, based on the different crop types listed on their applications,

the Shelleys should have noticed crookneck squash was not listed where summer (SUM) and zucchini (ZUC) were listed. (Doc. 21-1 at 83–84; Doc. 22-1 at 80–81.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 "allows courts to alter judgments only where there is 'newly-discovered evidence or manifest errors of law or fact.'" *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) (citation omitted). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alterations in original) (citation omitted); *see also O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) ("Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued."). "[W]here a party attempts to introduce previously unsubmitted evidence" on a Rule 59 motion, "the court should not grant the motion absent some showing that the evidence was not available" before judgment was entered. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam).

## III. DISCUSSION

The Shelleys present three arguments for reconsideration: (1) the evidence, including the testimony of Todd Shelley and the FSA representative, shows that Todd Shelley purchased NAP coverage for crookneck squash; (2) extrinsic

4

documents proved the Shelleys' intent to enroll crookneck squash; and (3) they are entitled to equitable relief because they did not have access to the NAP crop codes to determine whether their applications contained the proper designation for crookneck squash.  In response, the Agency argues that the Shelleys have not provided any proper grounds for reconsideration under Rule 59 but rather they attempt to rehash arguments previously considered and rejected by the Court.  The Agency also argues the Shelleys' argument regarding access to NAP crop-type codes is yet another new argument that they failed to properly exhaust during the administrative appeals process.

    The Court agrees with the Agency.  The Shelleys have not provided sufficient grounds for this Court to revisit its previous summary judgment ruling.  Their motion is simply an attempt to relitigate old matters, raise new arguments, or present evidence that could have been raised before the entry of summary judgment. *See Arthur*, 500 F.3d at 1343.  Further, the Court reminds the Shelleys that this Court is not a factfinder or entitled to reweigh the evidence even if it would have arrived at a different outcome as the factfinder.  *See Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc) ("[Courts] cannot find, or consider, facts not raised in the administrative forum, nor can [courts] 'reweigh the evidence from scratch.'" (citation omitted)).  This Court's obligation is to review the administrative agency's decision under limited criteria that give deference to the Agency.  *See Mahon v. U.S.*

*Dep't of Agric.*, 485 F.3d 1247, 1253 (11th Cir. 2007). And contrary to the Shelleys' suggestion, this review does not authorize the Court "to substitute its judgment for that of" the hearing officer or the Director. *See N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1539 (11th Cir. 1990) (explaining that "[t]he reviewing court is not authorized to substitute its judgment for that of the agency concerning the wisdom or prudence of" the agency's decision).

Applying the proper standard of review under Rule 59, the Court does not find that it committed a manifest error of law or fact here. First, to the extent the Shelleys claim they intended to obtain NAP coverage for crookneck squash based on what Todd Shelley told the FSA technician, the testimony and evidence in the administrative record are not as one-sided as the Shelleys continuously assert. This was a disputed factual issue before the hearing officer, as neither side had any specific recollection of the day that Todd Shelley visited with the FSA technician. Todd Shelley testified it was *possible* he failed to tell the technician to enroll crookneck squash. The technician testified that it was her custom and practice to enroll what she was told to enroll, and if crookneck squash was not enrolled, then she was not told to enroll it. The written NAP application itself also did not reflect that crookneck squash was to be enrolled. Thus, the Director did not err in affirming the hearing officer's decision that crookneck squash was not enrolled in NAP as there certainly was substantial evidence supporting that conclusion.

The same holds true of the Shelleys' claim that extrinsic evidence (i.e., acreage reports and Notices of Loss) should be considered as part of the NAP contract of insurance and as evidence of their intent to enroll crookneck squash. As the Court previously noted, this argument was not raised with the hearing officer or the Director, and therefore it was not properly exhausted. *See Mahon*, 485 F.3d at 1254 ("Under ordinary principles of administrative law, a reviewing court will not consider arguments that a party failed to raise in [a] timely fashion before an administrative agency." (citation omitted)); *Care Net Pregnancy Ctr. of Windham Cnty. v. U. S. Dep't of Agric.*, 896 F. Supp. 2d 98, 112 (D.D.C. 2012) ("[S]ince issue exhaustion is required in administrative proceedings before the Appeals Division, Care Net had to raise more than just the 'substance' of its . . . claims. It was instead obligated to 'forcefully present' its argument before the Appeals Division, 'or else waive the right to raise those arguments on appeal' before this Court." (cleaned up) (citation omitted)). Because this argument was previously raised to this Court, it is an improper basis for Rule 59 relief, and the Shelleys do not persuasively advance any manifest error with the Court's earlier handling of the issue.

Finally, equally unavailing is the Shelleys' attempt to obtain equitable relief through their assertion of good faith. No manifest error lies with the Court's previous disposition of that issue. And to the extent the Shelleys now argue this Court should consider the fact that they were not aware of and did not have access

to all of the crop codes for squash, this argument was also not properly exhausted as it was not made to the Director. And since it was not exhausted, there was no record established for review by the Director or this Court. As such, this Court will not consider the issue.

In short, the Shelleys have not made the requisite showing necessary to obtain relief under Federal Rule of Civil Procedure 59(e). They have not shown manifest errors of law or fact in the Court's prior judgment, nor any other ground entitling them to Rule 59 relief.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED** the *Motion to Alter, Amend to Vacate the Judgment* (Doc. 36) is **DENIED**.

**DONE**, on this the 24th day of February 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE